# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

PAUL IAN CAREY                                                                    PLAINTIFF

V.                                         NO. 3:25-cv-273-DPM-ERE

AMANDA MURPHY                                                            DEFENDANT

<u>**ORDER**</u>

*Pro se* plaintiff Paul Ian Carey, an inmate at the Sharp County Detention Center ("Detention Center"), filed this 42 U.S.C. § 1983 case. *Doc. 2*. This Order grants Mr. Carey's motion for leave to proceed in forma pauperis ("IFP"), identifies problems in the complaint, and gives him the opportunity to file an amended complaint.

## I.     <u>In Forma Pauperis Application</u>

A review of the documents submitted by Mr. Carey demonstrates that he qualifies to proceed IFP, so the motion (*Doc. 4*) is GRANTED.

Based on Mr. Carey's prison trust account information, I will assess an initial partial payment of $4.50. Mr. Carey's custodians are instructed to immediately the initial partial payment. In addition, Mr. Carey's custodians are instructed to collect the balance of the $350.00 filing fee by deducting monthly payments equal to 20% of the preceding month's income credited to Mr. Carey's prison trust account each time the amount exceeds $10.00. The entire $350.00 filing fee must be paid, even if

the lawsuit is dismissed before trial. Mr. Carey's custodian should clearly identify the monthly payments by the name and number of this case.[1]

## II.  **Complaint Deficiencies**

### A.    **Complaint Allegations**

Mr. Carey's complaint alleges that he suffers from type II diabetes and Correctional Officer Amanda Murphy removed him from a diabetic menu and discontinued his blood sugar testing. He sues Defendant Murphy in both her individual and official capacities seeking monetary and injunctive relief. However, Mr. Carey fails to either provide any additional information about Defendant Murphy's conduct or to explain what injury he suffered as a result of Defendant Murphy's conduct.

I will postpone the screening process to give Mr. Carey the opportunity to file an amended complaint clarifying his constitutional claims.[2] If Mr. Carey fails to file

---

[1] *Carey v. Murphy*, No. 3:25-cv-273-DPM-ERE (E.D. Ark.).

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b). When making this determination, the Court must accept as true the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

an amended complaint, the Court will screen Mr. Carey's original complaint, which will likely result in the dismissal of Mr. Carey's claims.

### B.    Medical Deliberate Indifference

To state a plausible claim for medical deliberate indifference against Defendant Murphy, Mr. Carey must allege facts that, taken as true, support a reasonable inference that: (1) he had "objectively serious medical needs"; and (2) Defendant Murphy "actually knew of but deliberately disregarded those needs." *Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019); see also *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016).[3] In addition, when a prisoner alleges that a delay in medical treatment has violated his constitutional rights, the "objective seriousness of the deprivation should also be measured 'by reference to the *effect* of delay in treatment.'" *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005); see *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 2001) (a prisoner must demonstrate that the delay in obtaining medical treatment adversely affected his prognosis, or that defendants ignored an acute or escalating situation). Importantly, "the Constitution

---

[3] A medical need is objectively serious if it has been "diagnosed by a physician as requiring treatment" or if it is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018).

Under the subjective component of an inadequate medical care claim, prison officials may not "deliberately delay or deny prisoners' medical care," but a prisoner "must show more than negligence, more even than gross negligence," to make out a constitutional violation. *Hamner*, 937 F.3d at 1177; see *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019) (deliberate indifference requires a mental state "akin to criminal recklessness").

does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minnesota*, 557 F.3d 628, 633 (8th Cir. 2009).

### C.   Official Capacity Claim

Under the law, Mr. Carey's official capacity claim is treated as a claim against Sharp County. See *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. Cnty. of Hennepin*, *Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). Sharp County cannot be held vicariously liable under § 1983 for the acts of its employees. *Id.* at 800-01 (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978)).

Although not automatically legally responsible for constitutional violations committed by employees, Sharp County can face § 1983 liability when its own policies, customs, or practices cause constitutional deprivations. *Brewington v. Keener*, 902 F.3d 796, 801-02 (8th Cir. 2018); *Corwin v. City of Independence, Missouri*, 829 F.3d 695, 699-700 (8th Cir. 2016). But Mr. Carey's complaint contains no allegations suggesting that a Sharp County policy, practice, or custom caused his injury. As a result, he has failed to plead a plausible official capacity claim.

### III.    Guidelines for Filing Amended Complaint

Mr. Carey has thirty days to file an amended complaint. If Mr. Carey files an amended complaint, he should: (1) explain how Defendant Murphy, as a correctional officer, was in a position to remove Mr. Carey from a diabetic menu and discontinue his blood sugar testing;  (2) state how long he was denied a diabetic menu and blood sugar testing because of Defendant Murphy's actions; and (3) describe any injury he suffered as a result of Defendant Murphy's alleged unconstitutional conduct.

Mr. Carey's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc*., 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Carey should make sure that his amended complaint includes all allegations relevant to any claim he wants to pursue in this lawsuit. Mr. Carey should not rely upon, or incorporate by reference, any allegations made in the original complaint. In other words, Mr. Carey's amended complaint, if filed, will stand alone.

Finally, in his amended complaint, Mr. Carey need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

**IV.**    **Conclusion**

For the reasons explained above,

IT IS THEREFORE ORDERED THAT:

1.    Mr. Carey's motion for leave to proceed IFP (*Doc. 4*) is GRANTED.

2.    The Clerk of the Court is directed to send a copy of this Order to the Arkansas Division of Correction Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; the Arkansas Division of Correction Compliance Division, P.O. Box 20550, Pine Bluff, Arkansas 71612; and the Sheriff/Director of the Sharp County Detention Center, Post Office Box 157, Ash Flat, Arkansas 72513.

3.    Mr. Carey may file an amended complaint within thirty (30) days of the entry of this Order.

4.    If Mr. Carey fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal, without prejudice, of some of the claims raised in this case.

5.    The Clerk is instructed to provide Mr. Carey a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

So Ordered 29 December 2025.

_____
UNITED STATES MAGISTRATE JUDGE